JOSEPH C. WOOD v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

Argued March 1, 1906—Decided June 11, 1906.

Plaintiff, whose ejectment from defendant's train was unlawful if his contract with the defendant entitled him to ride on such train, produced as proof of such contract the information given him by the agent of the defendant who sold him the ticket that the conductor refused to honor, also the testimony of other commuters as to their customary use of similar tickets, and an admission by the defendant that it sold such tickets. A bulletin issued by the company declaring how such tickets might be used was also put in evidence. The language of the ticket itself was inconclusive upon the point at issue. *Held,* that the submission of all these circumstances to the jury upon the question, "What was the contract between the railroad company and the plaintiff?" was proper.

---

On rule to show cause.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff, *Edward Q. Keasbey.*

For the defendant, *Robert H. McCarter.*

The opinion of the court was delivered by

GARRISON, J.   The plaintiff sued the defendant for damages for wrongfully ejecting him from one of its trains on which he was a passenger.   The question at the trial was whether the monthly commutation ticket held by the plaintiff, which the conductor refused to honor, entitled him to ride from Hoboken to Boonton, via Newark and Dover—or, to be more exact, whether he could use it on a train that was scheduled to stop at Dover, but not at Denville.   Plaintiff had bought the ticket at Boonton, and had been buying such tickets for several months, and using them, as he was proposing to do on the occasion when he was denied that right. His testimony was that the agent of the defendant of whom he bought this ticket told him it could be used between Boonton and Hoboken, in either direction, on the main line, or by way of Denville or Dover, and thence by the Morris and Essex division.   He produced other witnesses who testified to a like use by them of similar tickets.   A bulletin issued by the defendant was also put in evidence, which states that these tickets "will be honored between Hoboken and Boonton, via Denville or Dover, if desired."

It was admitted by the defendant, in answer to interrogatories, that it issued monthly commutation tickets good between Hoboken and Boonton by either of above routes, and charged for such tickets an excess of fare over tickets for the direct route only.   This constituted the plaintiff's proof of the contract upon which he relied.

The defence consisted in drawing from the above testimony contrary inferences, rather than in offering contradictory testimony.   It was also insisted by the defendant that the ticket, on its face, negatived the plaintiff's contention.   The ticket read:   "This ticket will entitle Mr. Joseph E. Wood

to sixty rides on continuous trains between Denville and Hoboken." This language is not conclusive as to the contract between the parties. As was said by Chancellor McGill, in delivering the opinion of the Court of Errors and Appeals in *Parry* v. *Pennsylvania Railroad Co.,* 26 *Vroom* 551: "The ticket is a mere token that the fare has been paid, and that the passenger has the right to be carried to the destination it indicates, according to the reasonable regulations of the railway company. Such regulations, at least so far as they are known to the passenger, enter into the contract of passage."

In the present case the ticket offered some evidence in support of the defendant's contention that it was good on those trains only that made the Denville stop, which the Chicago train from which the plaintiff was ejected did not. On the other hand, it was also susceptible, when read in connection with the defendant's bulletin, of sustaining the contention of the plaintiff, viz., Denville was equivalent to Dover, at his option.

The learned Chief Justice therefore properly submitted to the jury all of the relevant testimony in the case, with the instruction to ascertain from it "what was the contract between the railroad company and the plaintiff." The jury decided that the contract was, in effect, what the defendant's bulletin said it should be, and we can see no grounds for disturbing this verdict.

The verdict was for the plaintiff for $700, and it is claimed that this is so grossly excessive that a new trial should be ordered. For mere loss of time and damage to personal property of small value this sum would be excessive, but the jury heard the testimony as to the ejectment of the plaintiff from the train, and were instructed that if such ejectment was unlawful they should compensate the plaintiff "for the indignity and consequent injury to his feelings by reason of the treatment he received." This instruction was proper and we have no criterion by which we can say that the jury did not keep within it. The action was in tort, not upon contract. The rule to show cause must be discharged.